836 So.2d 1222 (2003)
Josh BLACKBURN, Plaintiff-Appellant,
v.
Angela Marie BLACKBURN, Defendant-Appellee.
No. 37,006-CA.
Court of Appeal of Louisiana, Second Circuit.
January 29, 2003.
Rehearing Denied February 27, 2003.
*1223 A. Richard Snell, for Appellant.
Anita D. McKeithen, Shreveport, for Appellee.
Before PEATROSS, KOSTELKA and HARRISON (Pro Tempore), JJ.
KOSTELKA, J.
Josh Blackburn ("Josh") appeals the judgment of the Twenty-Sixth Judicial District Court for the Parish of Bossier, allowing the relocation of his minor child with the mother, Angela Marie Blackburn Bankston ("Angela"). For the following reasons, we affirm.

FACTS
In August, 1993, Josh and Angela were married and of that marriage, one child, William Paul Blackburn ("Will"), was born on November 21, 1995. At the time of the proceedings in the trial court, Will was six years old.
Pursuant to a Joint Custody Plan, judgment was entered in March 1999, awarding Josh and Angela joint custody, with Angela as the domiciliary parent and Josh having reasonable visitation. The parties were then divorced in April 1999. Until October of 2001, said "reasonable visitation" consisted of Josh having Will every other weekend. Angela would also allow Will to spend the night with Josh's mother one night a week.
In October 2001, the parties agreed to modify the custody arrangement that had been followed since March 1999. At that time, Josh and Angela began to equally share time with Willeach party having Will for seven consecutive days, exchanging the child on Mondays. In May 2002, Josh filed a petition to modify the joint custody plan seeking court approval and recognition of the change in custody the parents had adopted. However, prior to the trial court's hearing of Josh's petition, Angela gave notice of her intent to relocate Will to Colorado Springs, Colorado, as a result of her current husband's military reassignment orders. As a result of that notice, Josh filed his petition seeking injunctive relief against such relocation of Will.
After a two-day trial, at which numerous witnesses, including Josh and Angela, testified, the trial court determined that the relocation of Will in this case was proper.[1] This appeal by Josh ensued.

DISCUSSION
The trial court is vested with vast discretion in matters of child custody and visitation, and its determination is entitled to great weight and will not be disturbed absent a clear showing of abuse of discretion. Arbuckle v. Arbuckle, 36,616 (La.App.2d Cir.12/11/02), 833 So.2d 1119; Shaw v. Shaw, 30,613 (La.App.2d Cir.06/24/98), 714 So.2d 906, writ denied, 98-2414, 98-2426 (La.11/20/98), 729 So.2d 556.
A parent seeking to remove his or her child from the jurisdiction of the court has the burden of proving that: (1) the move is *1224 made in good faith; and (2) in the child's best interest. La. R.S. 9:355.13. In making a determination regarding a proposed relocation, a court is required to consider eight factors specified in La. R.S. 9:355.12, which are:
(1) The nature, quality, extent of involvement, and duration of the child's relationship with the parent proposing to relocate and with the non-relocating parent, siblings, and other significant persons in the child's life.
(2) The age, developmental stage, needs of the child, and the likely impact the relocation will have on the child's physical, educational, and emotional development, taking into consideration any special needs of the child.
(3) The feasibility of preserving the relationship between the non-relocating parent and the child through suitable visitation arrangements, considering the logistics and financial circumstances of the parties.
(4) The child's preference, taking into consideration the age and maturity of the child.
(5) Whether there is an established pattern of conduct of the parent seeking the relocation, either to promote or thwart the relationship of the child and the non-relocating party.
(6) Whether the relocation of the child will enhance the general quality of life for both the custodial parent seeking the relocation and the child, including but not limited to financial or emotional benefit or educational opportunity.
(7) The reasons of each parent for seeking or opposing the relocation.
(8) Any other factors affecting the best interest of the child.
Although the statute mandates that all of the factors set forth be considered, it does not require a court to give preferential consideration to any certain factor or factors. See, Curole v. Curole, XXXX-XXXX (La.10/15/02), 828 So.2d 1094; Miller v. Miller, XXXX-XXXX (La.App. 3d Cir.10/31/01), 799 So.2d 753. Additionally, custody determinations are made on a case-by-case basis, with each being decided based on the best interest of the child. Kyle v. Kyle, 34,696 (La.App.2d Cir.02/28/01), 780 So.2d 1241. After a thorough review of the record, and in light of the great discretion afforded the trial court in such matters, we cannot say that the trial court was clearly wrong in its determination that Angela's proposed relocation is in Will's best interest.
The trial court found, Josh concedes, and it is apparent from the record, that Angela's proposed move to Colorado Springs was made in good faith; thus, pursuant to La. R.S. 9:355.13, it was incumbent on Angela to prove then that the relocation would be in Will's best interest. After trial, the factors set forth in La. R.S. 9:355.12 were carefully considered by the trial court. Without reiterating separately each factor discussed by the trial court in its reasons for judgment, we conclude that there was no manifest error in the court's final determination that the relocation was in Will's best interest.
We note, among the trial court's various findings, it recognized that from the time of divorce until October of 2001, Angela had been the primary caretaker of Will, although Josh and Angela, at the time of trial, enjoyed an equal time-sharing situation with Will. The trial court placed importance on the fact that Angela had always fostered and encouraged the relationships between Will, Josh, and Josh's extended family, a fact which was not disputed by any of the testimony heard at trial. Additionally, the trial court noted that Will was a bright, friendly child with no special needs; thus, the proposed relocation would not be detrimental to him. Although the trial court *1225 determined that Angela had not totally shown that the relocation of Will would enhance the general quality of life for her and/or Will, this single consideration does not serve to invalidate the ultimate finding of the trial court. The factors to be considered need not be weighed equally. See, Curole, supra. Moreover, the trial court mentioned that the relocation of Will would enhance his quality of life by the relationship he will continue to have with his younger half-sister.
Respecting each parent's abilities to physically care for and rear Will, as well as the love, affection, and the emotional ties between Will and each parent, we agree with the trial court that there are no significant differences between the two parents' abilities to care for their son. Unfortunately, however, a decision must be reached as to the custody of Will, and the ultimate question on appeal becomes whether the trial court committed manifest error in its determination. So considering, in light of the trial court's thorough analysis of the issue of Will's relocation and the vast discretion afforded it in custody determinations, we cannot say the trial court was manifestly erroneous.

CONCLUSION
The judgment of the trial court is affirmed. Costs of this appeal are assessed to Josh Blackburn.
AFFIRMED.

APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, PEATROSS, KOSTELKA, and HARRISON, JJ.
Rehearing denied.
NOTES
[1] We note the court reporter's introductory page to the trial transcript names Judge Dewey E. Burchett, Jr. as the trial judge, but the record and appellate briefs show the actual trial judge to be Judge Ford E. Stinson, Jr. Therefore, we consider the court reporter's notation a typographical error.