BROWN, Chief Judge.
 

 L Michelle Repass Bingham Smith (“Michelle Smith”) appeals the trial court’s judgment denying a second request to relocate with the two minor children of her previous marriage with Donald Jason Bingham (“Donald Bingham”). Donald Bingham answered the appeal objecting to the trial court’s denial of his motion for sanctions. Considering the trial court’s thorough scrutiny of the factors involved
 
 *450
 
 and the great discretion given to the lower court, we affirm.
 

 Facts and Procedural History
 

 Michelle Smith and Donald Bingham divorced in 2000. They agreed to joint custody of the two children, Harmony and Vanessa (now aged 11 and 9). In 2004, Michelle filed an action to modify the original judgment of custody and for child support. After considering the best interest of the children, the trial court modified the original custody judgment to award Michelle physical custody during the school year and Donald physical custody during the summer break subject to specified visitation. Child support was also awarded. At that time, both parties lived in north Louisiana. This judgment was affirmed on appeal.
 
 Bingham v. Bingham,
 
 42,140 (La.App. 2d Cir.04/04/07), 954 So.2d 842.
 

 After the divorce, Michelle married Michael Smith, and they had a child, Rachel Smith. Donald also remarried, and he and his new wife, Melissa, had two children, Kaitlin and Rowan. In addition, Melissa Bingham had a son from a previous marriage, Gavin, whom Donald adopted.
 

 | ¡.By letter dated May 11, 2007, Michelle Smith notified Donald Bingham of her intention to relocate to Pinedale, Wyoming, due to her husband’s employment. Donald Bingham filed an objection to the relocation on June 1, 2007. The trial court found in favor of Donald Bingham, denying the relocation request, and judgment was signed on September 19, 2007.
 

 Approximately one year later, on.May 20, 2008, by certified mail, Michelle Smith again notified Donald Bingham of her intention to relocate with the children to Pinedale, Wyoming. Donald filed an objection to the relocation, as well as an exception of
 
 res judicata
 
 based upon the previous denial of relocation and a motion for sanctions. The trial court denied the exception of
 
 res judicata.
 

 A hearing was held on September 8, 2008, and the trial court again denied Michelle’s request to relocate the children. The trial court also denied Donald’s motion for sanctions. The judgment was signed on September 29, 2008. Michelle Smith filed an appeal on October 3, 2008, and Donald Bingham answered the appeal concerning the denial of sanctions.
 

 Discussion
 

 Relocation of the Children
 

 Michelle asks this court to find that the trial court erred in denying her request to relocate the children to Wyoming. She specifically argues that the trial court refused to consider the impact of a separation on Rachel Smith, that is, that Rachel would either be separated from her father or her |3two half-sisters if the relocation was denied. Michelle also argues that the trial court erred in evaluating the 12 factors set forth in La. R.S. 9:355.12(A) as they applied to the facts of this case.
 

 A trial court’s determination in a relocation matter involving children of parties to a divorce is entitled to great weight and will not be overturned on appeal absent a clear showing of abuse of discretion.
 
 Curóle v. Curóle,
 
 02-1891 (La.10/15/02), 828 So.2d 1094. The parent seeking relocation has a two-part burden: (1) that the proposed relocation is made in good faith; and (2) that the proposed relocation is in the best interest of the child. La. R.S. 9:355.13.
 

 La. R.S. 9:355.12 provides:
 

 A. In reaching its decision regarding a proposed relocation, the court shall consider the following factors:
 

 (1) The nature, quality, extent of involvement, and duration
 
 of the child’s relationship
 
 with the parent proposing to relocate and with the nonrelocating parent, siblings, and other significant
 
 *451
 
 persons in the child’s life. (Emphasis added).
 

 (2) The age, developmental stage, needs of the child, and the likely impact the relocation will have on the child’s physical, educational, and emotional development, taking into consideration any special needs of the child.
 

 (3) The feasibility of preserving a good relationship between the nonrelocating parent and the child through suitable visitation arrangements, considering the logistics and financial circumstances of the parties.
 

 (4) The child’s preference, taking into consideration the age and maturity of the child.
 

 (5) Whether there is an established pattern of conduct of the parent seeking the relocation, either to promote or thwart the relationship of the child and the nonrelocating party.
 

 14(6) Whether the relocation of the child will enhance the general quality of life for both the custodial parent seeking the relocation and the child, including but not limited to financial or emotional benefit or educational opportunity.
 

 (7) The reasons of each parent for seeking or opposing the relocation.
 

 (8) The current employment and economic circumstances of each parent and whether or not the proposed relocation is necessary to improve the circumstances of the parent seeking relocation of the child.
 

 (9) The extent to which the objecting parent has fulfilled his or her financial obligations to the parent seeking relocation, including child support, spousal support, and community property obligations.
 

 (10) The feasibility of a relocation by the objecting parent.
 

 (11) Any history of substance abuse or violence by either parent, including a consideration of the severity of such conduct and the failure or success of any attempts at rehabilitation.
 

 (12) Any other factors affecting the best interest of the child.
 

 B. The court may not consider whether or not the person seeking relocation of the child will relocate without the child if relocation is denied or whether or not the person opposing relocation will also relocate if relocation is allowed.
 

 Although the statute mandates that all of the factors set forth be considered in making a determination regarding a proposed relocation of a child, it does not require a court to give preferential consideration to any certain factor or factors. La. R.S. 9:355.12;
 
 Blackburn v. Blackburn,
 
 37,006 (La.App. 2d Cir.01/29/03), 836 So.2d 1222. Custody determinations are made on a case-by-case basis, with each being decided based on the best interest of the child.
 
 Kyle v. Kyle,
 
 34,696 (La.App. 2d Cir.02/28/01), 780 So.2d 1241.
 

 | ¡¡As stated above, this is the second time this trial court has heard the matter of relocation of these children to Wyoming. At the first hearing, the trial court gave an extensive, detailed, and thoughtful review of the facts of the case, and of the 12 factors provided by La. R.S. 9:355.12. The facts and circumstances at issue in this second attempt to relocate have not changed substantially since the first judgment.
 

 In rejecting this second request to relocate, the trial court stressed that the area of Louisiana where the children currently live is a “cocoon of love and protection” with grandparents and wider family living close, which cannot be duplicated in Wyoming. In addition, the trial court noted that the children are happy, healthy, and
 
 *452
 
 doing exceptionally well in school. An expert testified that in conversation with the children stated that they preferred not to move to Wyoming.
 

 The trial court noted that the driving force behind both motions to relocate is that Michael Smith took a job out-of-state and that “he has chosen a field of work where absences from home is common; it’s usual; it’s the nature of the field (oil and gas).”
 

 Michelle Smith argues that the trial court erred in not considering the best interest of Rachel Smith, Michelle’s daughter from her new marriage. In relocation determinations it is the best interest of the child of the dissolved marriage that the court must focus on. La. R.S. 9:355.1(A)(1) states that a trial court must consider the nature, quality, extent of involvement, and duration of the child’s relationship with the child’s siblings, not necessarily the impact on the sibling(s).
 
 (See Blackburn, \ (¡supra,
 
 holding that the relocation of the child of the previous marriage will enhance his quality of life by the relationship he will continue to have with his younger half-sister.) In the present case, Harmony and Vanessa have a good relationship with not only Rachel but also with the three children of their father’s marriage to Melissa.
 

 The trial court repeatedly focused on the best interest of Harmony and Vanessa and concluded that they would fare better, and continue to excel, if the request for relocation was denied. The trial court emphasized that an “overall analysis” of all factors supports the denial of relocation. The trial court’s determination to deny relocation was thoughtful and firmly supported by the record. Given the great weight owed to the trial court’s determination, we affirm the denial of the request for relocation.
 
 [1]
 

 Sanctions
 

 Donald asks this court to find that the trial court erred in denying sanctions against Michelle as allowed by La. R.S. 9:355.16, which provides in part that:
 

 A. After notice and a reasonable opportunity to respond, the court
 
 may
 
 impose a sanction on a parent proposing a relocation of the child or objecting to a proposed relocation of a child if it determines that the proposal was made or the objection was filed:
 

 (1) To harass the other parent or to cause unnecessary delay or needless increase in the cost of litigation.
 

 (Emphasis added)
 

 |7The language of La. R.S. 9:355.16 is clearly permissive, and the trial court decided against imposing sanctions. Further, we note that the slightest justification for the exercise of a legal right precludes sanctions.
 
 Woods v. Woods,
 
 43,182 (La.App. 2d Cir.06/11/08), 987 So.2d 339. Accordingly, we find that this assignment of error is without merit.
 

 Conclusion
 

 For the reasons set forth herein, we affirm the trial court’s judgment. Costs of this appeal are assessed to the appellant, Michelle Smith.
 

 AFFIRMED.
 

 [1]
 

 . The parties' custody arrangement now provides that the children be with the mother during the school year and with the father during the summer subject to specific visitation. We note that Pinedale, Wyoming, is a short distance from Jackson Hole (Grand Tetons and Yellowstone National Parks). Considering the harsh winters and picturesque summers in Wyoming, a happy medium might be obtained.