BROWN, Chief Judge.
 

 | incidental to the parties’ divorce, the trial court awarded the parties joint custody of their 14-year-old daughter. The father, Roger David Robert, was designated as the primary domiciliary parent. In her appeal, the mother, Judy Thompson Robert, contends that the trial court erred in failing to designate her as the domiciliary parent. We affirm.
 

 Procedural Background
 

 The parties separated in December of 2006. The child moved in with her father in January of 2007. The mother filed a petition on November 6, 2007, seeking an article 102 divorce, custody of the parties’ daughter, Desiree, and an award of child support,
 
 inter alia.
 
 Roger filed an answer and reconventional demand seeking to be named primary custodial parent and an award of child support, among other things. A conference with a hearing officer was held on February 6, 2008. The child, by agreement of the parties, was interviewed by the hearing officer outside
 
 *1052
 
 the presence of both parents and their attorneys.
 

 The hearing officer rendered a report on February 6, 2008, wherein he recommended joint custody with the father being designated the primary custodial parent, denied Judy’s claim for interim spousal support, and recognized that Roger had voluntarily waived his claim for child support. Exclusive use of vehicle requests by the parties were granted and injunctive relief was made reciprocal.
 

 On February 11, 2008, the mother filed an objection to the hearing officer’s report. The parties were divorced by judgment rendered and signed on March 25, 2008. A hearing was held over four days in March, | .¿August, September, and October 2008. The trial court awarded joint custody to the parties, with the father named as domiciliary parent and the mother receiving reasonable visitation.
 
 [1]
 
 It is from this judgment that the mother has appealed.
 

 Discussion
 

 In her only assignment of error, Judy contends that the trial court erred in failing to designate her as the domiciliary parent and in failing to consider and give appropriate weight to the factors involved in determining the best interest of the child as set forth in La. C.C. art. 134.
 

 The best interest of the child is the paramount consideration in child custody matters. La. C.C. art. 131;
 
 Evans v. Lungrin,
 
 97-0541 (La.02/06/98), 708 So.2d 731;
 
 Slaughter v. Slaughter,
 
 44,056 (La.App.2d Cir.12/30/08), 1 So.3d 788. Custody determinations are made on a case-by-case basis.
 
 Bingham v. Bingham,
 
 44,292 (La.App.2d Cir.05/13/09), 12 So.3d 448;
 
 Kyle v. Kyle,
 
 34,696 (La.App.2d Cir.02/28/01), 780 So.2d 1241.
 

 The trial court is not bound to make a mechanical evaluation of all of the statutory factors listed in La. C.C. art. 134, but should decide each case on its own facts in light of those factors.
 
 Bergeron v. Bergeron,
 
 44,210 (La.App.2d Cir.03/18/09), 6 So.3d 948;
 
 Cooper v. Cooper,
 
 43,244 (La.App.2d Cir.03/12/08), 978 So.2d 1156. These factors are not exclusive, but are provided as a guide to the court, and the relative weight given to each factor | ds left to the discretion of the trial court.
 
 Id.; Hoskins v. Hoskins,
 
 36,031 (La.App.2d Cir.04/05/02), 814 So.2d 773.
 

 In the instant case, as in most custody cases, the trial court’s determination was based heavily upon its factual findings. In its written reasons for judgment, the trial court discussed each of the factors set forth in art. 134 and found that overall they favor the father. We note that since the parties separated in December of 2006, the child has lived with her father in a stable, mutually respectful, structured, and peaceful environment. The child has special education needs. Her father participates in all of her educational activities and needs. The child expressed her desire to continue to live with her father.
 

 On the other hand, the mother has not been attentive to the child’s educational needs since the child went to live with the father. The mother has a disability that prevents her from driving at night or in the rain. The mother tells the child that her father is morally bad. The mother is easily angered and argues with the child. As noted by the hearing officer, the mother receives a monthly disability check from social security in the amount of $1,395.50. In addition, social security issues a separate payment of $697 per month for the
 
 *1053
 
 benefit of the child which the mother has been receiving and continues to receive although the child lives with the father.
 

 The trial court is vested with great discretion in custody and visitation matters; its determination is entitled to great weight and will not be disturbed absent a clear showing of abuse of that discretion.
 
 Curole v. Curole,
 
 02-1891 (La.10/15/02), 828 So.2d 1094;
 
 Martin v. Martin,
 
 44,020 (La.App.2d Cir.12/03/08), 3 So.3d 512;
 
 Cooper, supra.
 

 | ¿We cannot find fault with the trial court’s ruling making the father the domiciliary parent. Clearly, the trial court did not abuse its great discretion.
 

 Conclusion
 

 For the reasons set forth above, the trial court’s judgment is affirmed. Costs are assessed to plaintiff-appellant, Judy Thompson Robert.
 

 [1]
 

 . All other relief requested was denied, and each party was assessed with his/her own costs.