LOLLEY, J.
 

 | iStacy Parker Card appeals a judgment by the 26th Judicial District Court, Parish of Bossier, State of Louisiana, in favor of her former husband, Kevin Parker, which denied her request to relocate the couple’s two minor children to McCool, Mississippi. For the following reasons, we affirm the trial court’s judgment.
 

 Facts
 

 Kevin Parker and Stacy Parker Card were formerly married and obtained a judgment of divorce from the 10th Judicial District Court, Parish of Natchitoches, Louisiana on December 4, 2003. Two children were born of the marriage: “J” Parker, born on August 1, 1995 and “K” Parker, born on July 18,1996.
 

 A judgment on July 30, 2003, granted the parties joint custody of the two children, with Stacy being designated as the domiciliary parent subject to Kevin’s visitation every other weekend, two weeks during the summer, and half of the major holidays. Additionally, the judgment ordered Kevin to pay child support in the amount of $952.00 per month and 50% of the uncovered medical expenses of the children.
 

 Recently, Stacy was married to James Card, who resides in McCool, Mississippi. In compliance with the relocation statute, Stacy sent written notice to Kevin of her intent to relocate the children to Mississippi to live with her and her new husband. On June 9, 2008, Kevin filed a Rule for Reduction in Child Support and Objection to Relocation of Children. A trial was held, and the trial court ruled in Kevin’s favor, ultimately | ¡.determining that relocation was not in the children’s best interest. This appeal by Stacy ensued.
 

 Discussion
 

 Louisiana’s relocation statutes retain the “best interest of the child” standard as the fundamental principle governing decisions made pursuant to its provisions. A trial court’s determination in a relocation matter is entitled to great weight and will not be overturned on appeal absent a clear showing of abuse of discretion.
 
 Curole v. Curole,
 
 2002-1891 (La.10/15/02), 828 So.2d 1094. Pursuant to La. R.S. 9:355.13, the relocating parent has the burden of proving that the proposed relocation is: (1) made in good faith; and (2) in the best interest of the child. Louisiana R.S. 9:355.12 sets forth eleven factors the court must consider in determining whether the proposed relocation is in the best interest of the child. The factors set forth in the statute are as follows:
 

 (1) The nature, quality, extent of involvement, and duration of the child’s relationship with the parent proposing to relocate and with the nonrelocating parent, siblings, and other significant persons in the child’s life.
 

 (2) The age, developmental stage, needs of the child, and the likely impact the relocation will have on the child’s physical, educational, and emotional development, taking into consideration any special needs of the child.
 

 (3) The feasibility of preserving a good relationship between the nonrelocating parent and the child through suitable visitation arrangements, considering the
 
 *487
 
 logistics and financial circumstances of the parties.
 

 (4) The child’s preference, taking into consideration the age and maturity of the child.
 

 13(5) Whether there is an established pattern of conduct of the parent seeking the relocation, either to promote or thwart the relationship of the child and the nonrelocating party.
 

 (6) Whether the relocation of the child will enhance the general quality of life for both the custodial parent seeking the relocation and the child, including but not limited to financial or emotional benefit or educational opportunity.
 

 (7) The reasons of each parent for seeking or opposing the relocation.
 

 (8) The current employment and economic circumstances of each parent and whether or not the proposed relocation is necessary to improve the circumstances of the parent seeking relocation of the child.
 

 (9) The extent to which the objecting parent has fulfilled his or her financial obligations to the parent seeking relocation, including child support, spousal support, and community property obligations.
 

 (10) The feasibility of a relocation by the objecting parent.
 

 (11) Any history of substance abuse or violence by either parent, including a consideration of the severity of such conduct and the failure or success of any attempts at rehabilitation.
 

 (12) Any other factors affecting the best interest of the child.
 

 Although R.S. 9:355.12 mandates that all the listed factors be considered, it does not require the court to give preferential consideration to any certain factor or factors.
 
 Curóle, supra.
 

 The trial court is vested with great discretion in matters of child custody and visitation; its determination is entitled to great weight and will not be disturbed absent a clear showing of abuse of that discretion.
 
 Id.; Payne v. Payne,
 
 41,049 (La.App.2d Cir.05/19/06), 930 So.2d 1181,
 
 writ denied,
 
 2006-1871 (La.08/09/06), 935 So.2d 130.
 

 1¿Here, the trial court carefully considered the factors required by La. R.S. 9:355.12. In making its determination, the trial court noted that this case was “close, but the burden of proof is on [Stacy].” We agree with the trial court that this is a close case, and although the same conclusion might not have been reached by this court, we cannot say that the trial court’s ultimate determination was an abuse of discretion.
 

 Most of Stacy’s assignments of error address the factors set out in La. R.S. 9:355.12, and the trial court’s determination regarding those factors. She raises the following issues which relate to the statutory relocation factors:
 

 1) Whether the trial court erred in failing to consider that Stacy Parker Card had always been the primary caretaker for the children;
 

 2) Whether the trial court erred by placing little to no emphasis on the preference of the children, despite their ages and levels of maturity;
 

 3) Whether the trial court committed manifest error by ignoring and/or failing to consider Kevin Parker’s lack of contact with the children;
 

 4) Whether the trial court committed manifest error by ignoring and/or failing to consider Kevin’s failure to fulfill his financial obligations to Stacy;
 

 5) Whether the trial court committed manifest error by ignoring and/or
 
 *488
 
 failing to consider Kevin’s history of substance abuse; and,
 

 6) Whether the trial court committed manifest error in its ruling not to allow the relocation when the facts and evidence showed that the relocation was in their best interest.
 

 In the instant case, the trial court performed a very thorough analysis of the evidence in accordance with the factors set forth in La. R.S. 9:355.12 before |,finding that the relocation would not be in the children’s best interest. The trial court noted that Stacy had a significant impact on the children, probably more than Kevin; however, Kevin had not been an absent father and Stacy admitted he had helped with a lot of things. Although Stacy argues that the trial court erred in failing to note Kevin’s lack of contact with the children, the record does not bear this out. Kevin may not have been the most hands-on parent, but the record shows that he certainly maintained contact and presence in the children’s lives.
 

 Pertaining to Stacy’s claim regarding Kevin’s history of substance abuse, Kevin stated that it had been over five years since he had used drugs. The trial court noted Kevin’s previous drug use, but did not weigh it too heavily against Kevin, noting that many people have had a history of drug use. While we do not take lightly Kevin’s past drug usage, it is apparent that he has gone several years without using again — Stacy offered no evidence that he was currently using drugs, and Kevin testified he had not used drugs in five years. Furthermore, that particular factor under the relocation statute calls for consideration of rehabilitation, and it appears that Kevin is successfully fighting his addiction. Notably, that same factor in La. R.S. 9:355.12 requires notice of “violence by either parent.” In December 2003, Stacy pled guilty to simple battery on Kevin.
 

 . The trial court also considered other factors, not noted as error by Stacy, in determining that relocation would not be in the best interest of the children. It considered the impact the relocation would have on the children’s educational needs, particularly “J,” who the record reflects has | fiSome minor learning disabilities. As the trial court noted, if “J” remains with Kevin, he will be in a known educational environment. Notably, Stacy’s evidence regarding the educational opportunities for the children in McCool was scant — mostly consisting of her opinion of the schools with no actual evidence. With the burden of proof on her, she certainly failed to show that relocation to this small, Mississippi community would better serve the children’s, specifically “J’s”, educational needs.
 

 Regarding the emotional needs of the children, the trial court noted Kevin has been married for two years and in a stable relationship with his current wife for five years. On the other hand, Stacy and her new husband are each other’s fourth spouse, and at the time of the trial (which occurred shortly after their marriage), they had only known each other for six months. In fact, Stacy had become engaged after only two meetings with James. Also weighing toward the emotional needs of the children is that all of their relatives live in their current locale, whereas they would have no family support in Mississippi. Further, we also view as significant the trial court’s emphasis on the feasibility of preserving a good relationship between the nonrelocating parent and the children. As the trial court noted, that relationship would certainly be strained, because Kevin would be much farther away from his children — through no choice of his.
 

 
 *489
 
 Additionally, we recognize the significance of the preference stated by the two children and can appreciate Stacy’s argument that the trial court failed to put enough emphasis on their preference. “J” stated he wanted to live with his mother. “K” also wanted to live with her mother; however, she |7did not want to leave her community. Both children stated a reluctance to leave their families in Louisiana. Neither child noted any aversion to living with their father and his wife nor expressed any ill feelings towards toward either of them. These children are 18 and 12 years old — ages that are old enough to make a mature decision such as the one at hand. However, the trial court is under no duty to weigh any one factor heavier than another, and in this case, in light of all the other considerations, particularly the stability of the parents, we do not believe the trial court erred in denying the relocation, even in light of the children’s preference.
 

 We conclude that the trial court did not err in any of its conclusions that Stacy argues were error. In fact, all of those factors pointed to as error by Stacy were discretionary, and we see no abuse by the trial court relating to any of those factors. As noted by the trial court, the determination in this case was a close one; however, the burden of proof was on Stacy to show that relocation was in the best interest of the children. The trial court did not err in concluding that Stacy failed to meet her burden. We must also consider that Stacy’s primary reason for relocating to McCool, Mississippi was that her new husband lived there, whereas Kevin’s reason for opposing relocation was that he wanted to maintain regular contact with his children.
 

 Finally, Stacy argues that the trial court erred in not allowing her to testify regarding a protective order Kevin had sought four years prior to the current matter, which protective order proceeding was ultimately dismissed. Stacy maintains that Kevin’s filing shows his unwillingness to co-parent with her, as well as demonstrates bad decision-making where the children |8are concerned. At the trial of this matter, it was argued that the testimony on the subject showed Kevin’s inability to foster a close and loving relationship between Stacy and the children. The trial court did not allow Stacy to testify about the protective order, noting that it was “just too far back.” The record does not reflect that counsel for Stacy objected to the trial court’s ruling. Failure to object deprives the trial court of the opportunity to correct a contested ruling and constitutes waiver of the issue on appeal. La. C.C.P. art. 1635;
 
 Martin v. Martin,
 
 44,020 (La.App.2d Cir.12/03/08), 3 So.3d 512. Failure to contemporaneously object constitutes a waiver of the right to complain on appeal.
 
 McWilliams v. Courtney,
 
 41,725 (La.App.2d Cir.12/13/06), 945 So.2d 242. So considering, we will not address this issue on appeal.
 

 Conclusion
 

 For the foregoing reasons, the judgment of the trial court against Stacy Parker Card and in favor of Kevin Parker is affirmed, with all costs of this appeal assessed to Stacy Parker Card.
 

 AFFIRMED.