WILLIAMS, J.
_|jThe plaintiff, Jason Gray, appeals judgments denying his relocation to Kansas with the parties’ minor child and modifying the prior custody award. The court designated the defendant, Christy Bruner, as the primary domiciliary parent of the child and awarded the father visitation. For the following reasons, we affirm.
*828 FACTS
In October 2001, a child was born of the mamage of Jason Gray (“Gray”) and Christy Bruner, formerly Gray (“Bruner”). The matrimonial domicile was in More-house Parish, Louisiana, until the parties separated in May 2005. In a consent judgment, the parties were awarded joint custody of the minor child and Gray was designated as the domiciliary parent. Subsequently, the district court rendered a judgment of divorce. In March 2007, Gray gave notice of his intent to relocate with the child to Alabama to join his fiancee, Jamie Schmitt, who had moved there because of her job with John Deere Credit. Bruner filed an objection to the relocation and a rule to modify the domiciliary custody. After a conference in June 2007, a hearing officer recommended that Gray’s proposed relocation be denied and that Bruner be awarded primary custody of the child. In October 2007, following a trial, the court approved the father’s relocation with the child to Alabama and denied the mother’s motion to modify custody. The court found that Bruner had not completely recovered from her abuse of prescription drugs. In November 2007, Gray moved to Alabama with the child.
Approximately one year later, Gray sent Bruner notice of a proposed | ^relocation with the minor child to Kansas, based on another job transfer by Jamie, who was then Gray’s wife. Bruner filed objections to this proposed relocation in Louisiana and Alabama. In Louisiana, the court issued an order prohibiting Gray from relocating the child to Kansas pending a hearing and the Alabama court declined to exercise jurisdiction over the proposed relocation. Gray moved to Kansas with the child in violation of the court order and then filed a motion for a temporary order to relocate. In January 2009, Bruner filed a rule to modify custody seeking an award of primary domiciliary custody.
After a trial on the objection to relocation and the modification of custody, the court issued oral reasons for judgment discussing its consideration of the relocation factors of LSA-R.S. 9:355.12. The court found that in moving to Kansas the father was subordinating the child’s best interest to the advancement of his current wife’s career, which had required frequent moves, and that the relocation was not in the child’s best interest. The trial court rendered judgment denying the relocation of the minor child to Kansas and ordering the parties to submit briefs regarding whether the modification of custody in this case required application of the standard in Bergeron v. Bergeron, 492 So.2d 1193 (La.1986).
Subsequently, the trial court issued oral reasons for judgment finding ,that the Ber-geron standard was not applicable to this situation because the statutory exception of LSA-R.S. 9:355.11 provides that the relocation of a party in violation of a court order is a sufficient change in circumstances to support the modification of custody. Alternatively, the court found that Leven if Bergeron was applicable, then Bruner had satisfied her burden of proving that a change in circumstances materially affecting the child’s welfare had occurred through her rehabilitation from a past drug addiction, and that any harm caused by a change of environment would be substantially outweighed by the advantages to the child, such as more frequent contact with his maternal and paternal grandparents. The court rendered judgment granting a modification of custody, designating Bruner as the primary domiciliary parent of the minor child and awarding Gray scheduled visitation. Gray appeals both judgments.
DISCUSSION
Gray contends the trial court erred in sustaining the objection to relocation of the *829 child. Gray argues that the evidence showed the move to Kansas was in the child’s best interest and that the court should have compared Alabama, not Louisiana, as the alternative situation in applying the relocation factors.
A trial court’s determination in a relocation matter is entitled to great weight and will not be overturned on appeal absent a clear showing of abuse of discretion. Curole v. Curole, 02-1891 (La.10/15/02), 828 So.2d 1094; Bingham v. Bingham, 44,292 (La.App.2d Cir.5/13/09), 12 So.3d 448. Pursuant to LSA-R.S. 9:355.13, the parent seeking relocation has the burden of proving that the proposed relocation is made in good faith and in the best interest of the child. LSA-R.S. 9:355.12 provides that in making a decision regarding a proposed relocation, the court shall consider these factors:
(1) The nature, quality, extent of involvement, and duration of the child’s relationship with the parent proposing to relocate |4and with the nonrelocating parent, siblings, and other significant persons in the child’s life.
(2) The age, developmental stage, needs of the child, and the likely impact the relocation will have on the child’s physical, educational, and emotional development, taking into consideration any special needs of the child.
(3) The feasibility of preserving a good relationship between the nonrelocating parent and the child through suitable visitation arrangements, considering the logistics and financial circumstances of the parties.
(4) The child’s preference, taking into consideration the age and maturity of the child.
(5) Whether there is an established pattern of conduct of the parent seeking the relocation, either to promote or thwart the relationship of the child and the nonrelocating party.
(6) Whether the relocation of the child will enhance the general quality of life for both the custodial parent seeking the relocation and the child, including but not limited to financial or emotional benefit or educational opportunity.
(7) The reasons of each parent for seeking or opposing the relocation.
(8) The current employment and economic circumstances of each parent and whether or not the proposed relocation is necessary to improve the circumstances of the parent seeking relocation of the child.
(9) The extent to which the objecting parent has fulfilled his or her financial obligations to the parent seeking relocation, including child support, spousal support, and community property obligations.
(10) The feasibility of a relocation by the objecting parent.
(11) Any history of substance abuse or violence by either parent, including a consideration of the severity of such conduct and the failure or success of any attempts at rehabilitation.
(12) Any other factors affecting the best interest of the child.
Although the statute mandates that all the listed factors be considered, the |r,court is not required to give preferential consideration to any particular factor. Curole, supra; Parker v. Parker, 44,246 (La.App.2d Cir.5/13/09), 12 So.3d 485.
In the present case, the trial court thoroughly considered the statutory factors. The court noted that the child was able to enjoy a close relationship with both parents. However, the record shows that the relocation to Kansas would have taken the child farther away from his mother and from other significant persons in the *830 child’s life, such as his maternal and paternal grandparents. The court expressed concern over the disruption of the child’s education caused by the father’s move to Kansas. The child was removed from first grade in Alabama in the middle of the school year and then missed two weeks of school in January 2009, before being enrolled in Kansas. There was no showing that Kansas offered the child significantly better educational opportunities than Alabama. The court was also concerned that with the three-hour longer driving distance to Kansas, preserving a good relationship between the child and his mother would be less feasible.
At trial and in his appellate brief, Gray emphasized the financial difficulties and debt of Bruner and her current husband as a factor supporting relocation. However, the court was not required to give more weight to this factor than to others. In addition, the evidence showed that the relocation to Kansas would not immediately enhance the general quality of life for Gray and the child, because the father left a job with Helena Chemical at a salary of $50,000 to start a new job as an insurance salesman |fiwith a guaranteed starting income of $2,000 per month. The court noted that the father’s primary motivation to relocate was to follow his wife in moving for the needs of her employer, whereas the mother objected to relocation because of her fear that her relationship with the child would be diminished. The court found that Bruner had been successful in recovering from her past prescription drug abuse through rehabilitation.
Based upon the evidence presented and the applicable statutory factors, we cannot say the trial court erred in finding that Gray failed to satisfy his burden of proving that relocation was in the child’s best interest. Consequently, the court did not abuse its discretion in denying the relocation of the child. The assignment of error lacks merit.

Custody

Gray contends the trial court erred in modifying the custody of the child. Gray argues that Bruner failed to show that the benefits of modifying custody would outweigh the harm of the child’s reduced financial security.
The best interest of the child is the paramount consideration in child custody cases. LSA-C.C. art. 131; Sawyer v. Sawyer, 35,583 (La.App.2d Cir.11/2/01), 799 So.2d 1226. LSA-C.C. art. 134 provides a number of factors for the court to consider in determining the child’s best interest, including the capacity of each parent to give the child love, to^ continue the child’s education and to provide for the child’s material needs, and the length of time the child has lived in a stable, adequate environment. The court is not required to make a mechanical evaluation of all the statutory factors, but should decide each case on its own facts in light of those | ^factors. Sawyer, supra. The trial court’s determination of custody issues is afforded great weight and will not be disturbed on appeal absent an abuse of discretion. Sawyer, supra. After a court has made a considered decree of custody, the party seeking change has the burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of custody, or proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child. Bergeron, supra.
In the present case, the trial court applied the Bergeron standard as an alternative basis for modifying the prior custody order. The court found that with the father as domiciliary parent, the child’s interest in having a stable environment was *831 secondary to the needs of the stepmother’s career, as indicated by the father’s move to Kansas one year after taking the child to Alabama. The court determined that maintenance of a stable environment for the child would be better achieved in the mother’s household. Noting that most of the child’s extended family resided near the mother in Louisiana,. the court found that modification would give the child the best chance to maintain meaningful contact with his grandparents and other family members. The testimony showed that the child was close to his great-grandmother, who was 81 years old and had helped care for the child since his birth.
Based on the father’s previous withdrawal of the child from school in the middle of the year, the court determined that the child’s education would be less likely to be disrupted after modification, thereby giving the child a | sbetter opportunity to learn and develop friendships at school. There was testimony that in Ru-ston, where the mother resided with her current husband, the elementary school which the child likely would attend was very good.
The trial court was aware that the mother did not have the same financial capacity as the father to provide for the material needs of the child. However, the evidence showed that the mother was able to adequately feed, clothe and care for the child with assistance from her family. Although Gray contends the court should have given more weight to the financial inequality of the parties, the court exercised its discretion in weighing that factor along with the others.
Based upon the evidence presented, the record supports the trial court’s determination that the advantages to the child resulting from modification, particularly the opportunity for a more stable home and school environment and more frequent contact with grandparents and other family members, substantially outweighed any detriment to the child caused by the reduced financial security in the mother’s household. Consequently, we cannot say the trial court abused its discretion in modifying the custody order to designate the mother as the domiciliary parent of the minor child. The assignment of error lacks merit. In reaching this conclusion based on the trial court’s application of the Bergeron standard, we pretermit any discussion of the issue of whether LSA-R.S. 9:355.11 constitutes a statutory exception to the burden of proof required for modification of a considered custody decree under Bergeron.
| «CONCLUSION
For the foregoing reasons, the trial court’s judgments modifying custody of the child and denying relocation of the child are affirmed. Costs of this appeal are assessed to the appellant, Jason Gray.
AFFIRMED.
CARAWAY, J., dissents with written reasons.