SAUNDERS, Judge.
| Relator, Emily Dean (hereinafter “Dean”), seeks supervisory writs from the judgment of the trial court, which denied Relator’s exception of no cause of action.

FACTS AND PROCEDURAL HISTORY

This case involves a child custody dispute over a minor child born to Relator and Plaintiff, Christopher Cloud (hereinafter “Cloud”), on July 21, 2013. On March 27, 2014, Cloud filed a petition to establish custody of the minor child. On April 10, 2014, Dean answered, alleging Cloud had committed acts of family violence and invoking the protections of the Post-Separation Family Violence Relief Act, LaR.S. 9:361 et. seq. In a custody decree signed on May 20, 2014, the trial court found that Cloud had a history of perpetrating family violence and that Dean was an abused parent pursuant to LaR.S. 9:362. Thus, the trial court awarded sole custody of the child to Dean and ordered Cloud to undergo domestic violence counseling.
Thereafter, on January 6, 2015, Cloud filed a rule for visitation and other relief, alleging that he had completed fourteen therapy sessions of the twenty-four required. Thus, he requested supervised visitation with the child. On March 2, 2015, an interim judgment was signed awarding Cloud supervised visitation with the child, which would graduate to unsupervised visitation. On June 17, 2015, Cloud filed an amended rule, in which he alleged that he had completed all of the *237 required anger management classes and requested that the parties be awarded joint custody of the child with Dean being named as the domiciliary parent. On July 31, 2015, Dean responded by filing an exception of no cause of action, asserting that Cloud’s rule and amended rule did not sufficiently allege circumstances necessary to warrant a change of custody pursuant to Bergeron v. Bergeron, 492 So.2d 1193 (La.1986).
| following a hearing, the trial court denied Dean’s exception. In its written reasons for judgment, the trial court explained:
[T]he trial court did not make a considered decree of permanent custody “in accordance with the best interest of the child” as provided by La. C.C. art. 131 along -with the factors in determining the child’s best interest pursuant to La. C.C. art. 134. Because there has not been a determination as to the best interest of the child, there has been no considered decree and therefore, the burden imposed by Bergeron does not apply.
[[Image here]]
In a child custody, proceeding, it appears that the Post-Separation Family Violence Act and a child in need of care hearing are procedures created to provide immediate aid to a battered partner or a child being abused or neglected. If the Court finds the moving party proves their case, the Court can order the offending parent to participate in therapeutic treatment programs, i.e., anger management, substance abuse or mental health treatment, or any other treatment that may be necessary to resolve the problem. Once the Court is satisfied that the problem has been resolved, the parties can then proceed to a child custody case to determine the best interest of the child. However, the decision by the Court in those' cases are not to be considered decrees as defined by Ber-geron.
It is from the denial of the exception that Dean seeks review.

STANDARD OF REVIEW

“The denial of an exception of no cause of action is an interlocutory judgment.” Cormier v. McNeese State Univ., 13-12 (La.App. 3 Cir. 11/13/13), 127 So.3d 66, 70. Thus, it is not appealable. However, a litigant may seek review of such a judgment via an application for supervisory writ. See Gauthier v. Carencro Nursing Home, Inc., 06-893 (La.App. 3 Cir. 9/20/06), 938 So.2d 235.
In Scheffler v. Adams & Reese, LLP, 06-1774, pp. 4-5 (La.2/22/07), 950 So.2d 641, 646-47 (citations, omitted), our supreme court explained:
The purpose of the peremptory, exception of no cause of .action is to test the legal sufficiency of the . petition by determining whether the law affords a remedy on the facts alleged in the.petition. No evidence may be introduced to support or controvert the exception of no cause of action. The exception is triable on the face of the. pleadings, and, for purposes of resolving the issues raised by the exception, the well-hpleaded facts in the petition must be accepted as true. The issue at the trial of the exception is whether, on the face of the petition, the plaintiff is.legally entitled to the relief sought.
Louisiana retains a system of fact pleading, and mere conclusions of the plaintiff unsupported by facts will not set forth a cause or right of action. The burden of demonstrating that a petition fails to state a cause of action is upon the mover. Because the exception of no cause of action raises a question of law and the district court’s decision Is based *238 solely on the sufficiency of the petition, review of the district court’s ruling on an exception of no cause of action is de novo, The pertinent inquiry is whether, in the light most favorable to the plaintiff, and with every doubt resolved in the plaintiffs favor, the petition states any valid cause of action for relief.

DISCUSSION OF THE MERITS

In her application for a supervisory writ, Dean contends the trial court erred in denying Dean’s exception of no cause of action because no facts were alleged which would state a cause of action to modify custody pursuant to Bergeron. In support of this assertion, she contends that the trial court erred in concluding that the Bergeron standard did not apply and argues that the May 20, 2014 judgment was a considered decree, having determined custody “in accordance with the best interest of the child” pursuant to La.Civ.Code art. 131; In further support of this assertion, Dean 'contends that “when the court has received such evidence to sufficiently determine the applicability of the Post-Separation Family Violence Relief Act, the judgment is most certainly a ‘considered decree.’ ” For- the following reasons, we deny the writ, as we see no error in the judgment of the trial court.
“Ties between biological parents and their children aré recognized as the closest and strongest within the human family. A parent has a natural right to his biological child and that child likewise has a right to his parent.” In Interest of CLS, 94-531, p. 5 (La.App. 3 Cir. 11/2/94), 649 So.2d 532, 536. “The rights of parents to the companionship, care, custody and management of their children is a ^fundamental liberty interest warranting great deference and protection under the law.’’ State in Interest of D.D., 94-1404, pp. 3-4 (La.App. 3 Cir. 2/15/95), 650 So.2d 447, 449.
Custody must be determined “in accordance with the best interest of the child.” La.Civ.Code art. 131. In determining the best interest of the child, “[t]he court shall consider all relevant factors[J” La.Civ.Code art. 134 (emphasis added). Once a considered decree of permanent custody has been rendered, “the party seeking a change bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody decree, or of proving by clear and convincing evidence that the harm likely to be caused by a change of environment is substantially outweighed by its advantages to the child.” Bergeron, 492 So.2d 1193, 1200 (La.1986). “A considered decree is one for which evidence as to parental fitness to exercise custody is received by the court,” Barnes v. Cason, 25,808, p. 6 (La.App. 2 Cir. 5/4/94), 637 So.2d 607, 611, writ denied, 94-1325 (La.9/2/94), 643 So.2d 149.
In Williams v. Anderson, 13-1405 (La.App. 3 Cir. 4/2/14)(unpublished opinion), after a considered decree was rendered granting domiciliary custody to the defendant, the plaintiff attempted to modify custody on .three separate occasions, but-was unsuccessful because he was unable to meet the Bergeron heightened burden of proof. Thereafter, the child was placed in the custody of the plaintiff in a proceeding held pursuant to the Children’s Code. The defendant then filed a rule to modify custody. After a hearing and • post-trial briefing, the trial court ruled that domiciliary custody would be returned to. the defendant pursuant to the original considered decree. In its written reasons, .the trial court found that the judgment granting custody to the plaintiff was not a considered decree. The plaintiff appealed and asserted that the defendant should have *239 been required to | smeet the Bergeron standard in any change of custody sought. This court rejected that argument and declined to find that the trial court manifestly erred in concluding that a custody decision rendered in the context of a child in need of care proceeding was a “considered decree” which would trigger the application of the Bergeron heightened burden of proof. We explained: “In the ease before the juvenile court, the only evidence was presented by' "the state in ah attempt to have the children declared children in need of care.” Id.
We first note that when sole custody was awarded to Dean in May 2014, the custody hearing had been conducted in accordance with the Post-Separation Family Violence Belief Act, La.R.S. 9:361, et seq. Louisiana Revised Statutes 9:364 provides, in pertinent part, that “[tjhere is created a presumption that nó parent who has a history of perpetrating family violence shall be awarded sole or joint custody of children.” The parent with a history of family violence may only overcome this presumption by proving by a preponderance of the evidence that he or she has completed a domestic abuse intervention program. Accordingly, once the evidence presented established that Cloud had a history of family violence, the inquiry into “all relevant factors” to determine the best interest of the child, as is required by La.Civ.Code arts. 131 and 134, ended until Cloud proved by a preponderance of the evidence that he had completed a domestic abuse intervention program.
In its written reasons for judgment, the trial court made clear that his inquiry into the- best interest of the child ended once Cloud’s history of family violence was established and that he did not make a determination as to the best interest of the child. In a per curiam filed with this court, the trial court further explained:
Unfortunately, [Cloud] had a serious closed-head, injury that caused anger problems that apparently have been resolved by a six[-]month anger management course, medical treatment and appropriate | ^medication. The Court has found with this history, he should procedurally be in a position to have a child custody hearing pursuant to La.C.C. art. 131 to determine if it is the best interest of the child for him to have or not have custody of [the child].
At such a hearing, the Court would consider all the evidence and the La. C.C. art. 134 factors to make that determination, including the mental and physical health of each party.
Like in Williams, the evidence presented in the instant matter pertained only to establishing whether Cloud was a parent with a history of violence. Because the May 20, 2014 judgment was based on a presumption prohibiting Cloud from being awarded custody and limited evidence' to establish the facts requiring the presumption, rather than an analysis of “all relevant factors” for determining the best interest of the child, we find that the trial court did not- err when it declined to treat the May 20, 2014 custody judgment as a “considered decree” -which would subject Cloud’s rule,for modification of custody to the heighted burden of proof set forth in Bergeron.
It is also important to note that the award of sole custody to Dean was not intended to be a permanent custody arrangement. The trial court made clear in its written reasons for judgment that the initial judgment was an arrangement to last only until Cloud completed a domestic violence intervention program, after'which a full hearing could be held, wherein the trial court would hear evidence pertaining to. “all relevant factors” in determining the best interest of the child. We decline to *240 find a judgment that was rendered without consideration of “all relevant factors” and that was intended to be temporary a considered decree,
Moreover, we note that even parents whose children have been removed by the State through the elaborate procedures of a child-in-need-of-care proceeding have an opportunity to regain custody of them children. See State ex rel. A.T., 06-501 (La.7/6/06), 936 So.2d 79 (holding that termination of parental rights was erroneous because “OCS never undertook reasonable efforts at reunification”).
| ^CONCLUSION
For the reasons above, we conclude the trial court did not err in denying Dean’s exception of no cause of action and, therefore, we deny her application for a supervisory writ.
WRIT DENIED.
AMY, J., dissents and assigns reasons.