<u>**NOT DESIGNATED FOR PUBLICATION**</u>

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2024 CU 0083**

**RONALD CLARK**

**VERSUS**

**CHELSEA CLARK**

*Consolidated With*

**2024 CU 0084**

**CHELSEA EMERSON CLARK**

**VERSUS**

**RONALD BRANDON CLARK**

*WIL, TH,*

**MAY 3 1 2024**

*Judgment Rendered:_____, 2024*

********

Appealed from the
21st Judicial District Court in and for the Parish of Tangipahoa
State of Louisiana
Docket Nos. 2021-3009 c/w 2021-3078

The Honorable Jeffery T. Oglesbee, presiding

*****

| | |
|---|---|
| Jenel Guidry Secrease<br>Pontchatoula, Louisiana | Counsel for Plaintiff/Appellant<br>Ronald Brandon Clark |
| | |
| Sherman Q. Mack<br>Albany, Louisiana | Counsel for Defendant/Appellee<br>Chelsea Emerson Clark |

********

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

*Guidry, C.J. Concurs in the result.*
*Chutz, J. Concurs.*

**LANIER, J.**

In this action for child custody, appellant, Ronald Brandon Clark, challenges the judgment of the Twenty-first Judicial District Court, which ordered joint custody of the minor children with appellee, Chelsea Emerson Clark, as the domiciliary parent. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

Ronald and Chelsea were married on December 13, 2013, and of the marriage two children were born. On November 3, 2021, Ronald filed a petition for divorce, alleging facts sufficient for a divorce under either La. C.C. art. 102 or 103 and requesting joint custody of the children, with himself as the domiciliary parent. Alternatively, Ronald requested shared physical custody. Chelsea also filed for divorce on November 9, 2021, but that petition is not contained in the record. The two cases were consolidated on January 20, 2022. Ronald and Chelsea entered into an interim stipulated judgment, signed by the district court on March 7, 2022, which set forth a physical custody schedule for the parents, but did not designate a domiciliary parent. A judgment of divorce was signed by the district court on January 23, 2023.

A trial on the merits regarding child custody and incidental matters was held on September 21, 2023. At the conclusion of the presentation of evidence, the district court issued an oral ruling, awarding joint custody and maintaining the same custodial schedule agreed upon in the interim stipulated judgment. The district court also added summer custodial time and stated that the parties were to equally share certain major school holidays. The district court signed a written judgment, signed October 16, 2023, which awarded joint custody of the children to the parents, with Chelsea designated as the domiciliary parent. Ronald was awarded physical custody on alternating weekends, Mondays, and Wednesdays, as

2

well as physical custody during the first and third weeks of June. Chelsea was otherwise awarded physical custody, with each parent exercising physical custody during one half of each of the children's school holidays. Chelsea was also awarded physical custody for Mother's Day, and Brandon was awarded physical custody for Father's Day. Both parents were ordered not to consume alcohol or illegal substances in the presence of the children and were also ordered to communicate through Our Family Wizard. The parents were also ordered to cooperate via certain co-parenting guidelines outlined by the district court.

Ronald now appeals from the October 16, 2023 judgment, specifically challenging its custody provisions. In particular, he argues that the district court committed manifest error and abused its discretion by maintaining the interim stipulated judgment and denying shared custody, thereby disregarding the feasibility shared custody.

## DISCUSSION

It is well-settled that a court of appeal may not set aside a district court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." *Miller v. Dicherry*, 2020-0365 (La. App. 1 Cir. 11/24/20), 316 So.3d 477, 481. Where the original custody decree is a stipulated judgment, the party seeking modification must prove (1) that there has been a material change of circumstances since the original custody decree was entered, and (2) that the proposed modification is in the best interest of the child. *Evans*, 708 So.2d at 738.

Absent the showing of good cause, the court must render a joint custody implementation order when joint custody is decreed. La. R.S. 9:335(A)(1). The implementation order shall allocate the time periods during which each parent shall have physical custody of the child so that the child is assured of frequent and continuing contact with both parents. La. R.S. 9:335(A)(2)(a); *Evans*, 708 So.2d at

3

739. To the extent it is feasible and in the best interest of the child, physical custody of the child should be shared equally. La. R.S. 9:335(A)(2)(b). We note further that it is well-settled that the focus should be on substantial time rather than strict equality of time. See *Harang v. Ponder*, 09-2182 (La. App. 1 Cir. 3/26/10), 36 So.3d 954, 961. In a decree of joint custody, the court shall designate a domiciliary parent. La. R.S. 9:335(B)(1); See *Wolfe v. Hanson*, 2006-1434 (La. App. 1 Cir. 5/2/08), 991 So.2d 13, 17, writ denied, 2008-1205 (La. 6/27/08), 983 So.2d 1292.

Each child custody case must be viewed in light of its own particular set of facts and circumstances, with the paramount consideration being the best interest of the child. See La. C.C. art. 131; *Leger v. Leger*, 2022-1113 (La. App. 1 Cir. 3/13/23), 363 So.3d 519, 528, writ denied, 2023-00512 (La. 6/26/23), 363 So.3d 1231. The best interest of the child standard governs all child custody determinations. *Leger*, 363 So.3d at 528. The district court determination as to what is in the best interest of the child is usually based heavily on factual findings. See *Miller*, 316 So.3d 477, 481. Furthermore, because the district court is in the best position to ascertain the best interest of the child given the unique circumstances of the particular case, the district court's custody determination is entitled to great weight and will not be disturbed on appeal unless an abuse of discretion is clearly shown. *Leger*, 363 So.3d at 528.

The factors for the district court to consider in determining the best interest of the child are found in La. C.C. art. 134.[1] The district court is not bound to make a

---

[1] The factors of La. C.C. art. 134 for the district court to consider are as follows:

(1) The potential for the child to be abused, as defined by La.Ch.C. art. 603, which shall be the primary consideration.
(2) The love, affection, and other emotional ties between each party and the child.
(3) The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.
(4) The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.
(5) The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.
(6) The permanence, as a family unit, of the existing or proposed custodial home or homes.

4

mechanical evaluation of all of the statutory factors listed in La. C.C. art. 134 but should decide each case on its own facts in light of those factors. *Coleman v. Manley*, 15-778 (La. App. 5 Cir. 3/16/16), 188 So.3d 395, 403, writ denied, 2016-0688 (La. 5/13/16), 191 So.3d 1057. In the instant case, however, the district court did indeed consider every factor of La. C.C. art. 134. The district court noted that, in the course of the two-year lifespan of the stipulated judgment, the children were doing very well in school, and although there were initially communication issues between the parents, those issues were resolved and communication had improved.

Although not every factor of La. C.C. art. 134 was relevant to the instant case, the district court orally considered all fourteen factors in its reasons for judgment. After reviewing the factors, along with testimony of the parents and submitted evidence, the district court found it was in the best interest of the children for the parents to be awarded joint custody, with Chelsea designated as the domiciliary parent, and to maintain the custodial schedule established by the factual findings.

We do not find manifest error in the district court's judgment. It was established at trial that the children were making straight A's in school and were very involved in extracurricular activities. While Ronald testified that he lived approximately 30 minutes away from the children's school in Hammond and had altered his work schedule so that he could spend more time with the children, Chelsea testified that she lived in Hammond. While the record shows that both Ronald and

---

(7) The moral fitness of each party, insofar as it affects the welfare of the child.
(8) The history of substance abuse, violence, or criminal activity of any party.
(9) The mental and physical health of each party. Evidence that an abused parent suffers from the effects of past abuse by the other parent shall not be grounds for denying that parent custody.
(10) The home, school, and community history of the child.
(11) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.
(12) The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party, except when objectively substantial evidence of specific abusive, reckless, or illegal conduct has caused one party to have reasonable concerns for the child's safety or well-being while in the care of the other party.
(13) The distance between the respective residences of the parties.
(14) The responsibility for the care and rearing of the child previously exercised by each party.

Chelsea are capable and responsible parents, we cannot say that the district court abused its discretion in awarding joint custody to the parties and naming Chelsea as the domiciliary parent.

## DECREE

The judgment of the Twenty-first Judicial District Court is affirmed. All costs of this appeal are assessed to the appellant, Ronald Brandon Clark.

**AFFIRMED.**